```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                   CLARKSBURG
```

**MATTHEW ROJESKI and ASHELYN ROJESKI,**

       **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:25-CV-06**
　　　　　　　　　　　　　　　　　　　　　　　　**(KLEEH)**

**USAA GENERAL INDEMNITY COMPANY,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]**

## I.   INTRODUCTION

Pending before the Court is *Plaintiffs' Motion to Remand* [ECF No. 5]. For the reasons discussed herein, that motion is **GRANTED**.

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint in the Circuit Court of Monongalia County, West Virginia, on September 3, 2024. ECF No. 1-1. In their Complaint, Matthew and Ashelyn Rojeski ("Plaintiffs"), allege several causes of action including breach of contract (Count I), breach of duty of good faith and fair dealing (Count II), and violations of unfair trade practices under West Virginia Code § 33-11-1 et seq. ECF No. 1-1.

On January 21, 2025, Defendant USAA General Indemnity Company ("USAA") removed the matter to this Court claiming jurisdiction existed under 28 U.S.C. § 1332 and 1441, et seq. ECF No. 1. On February 1, 2025, Plaintiffs filed the subject Motion to Remand.

ECF No. 5. Defendant responded in opposition to remand on February 14, 2025 [ECF No. 12], and Plaintiffs replied in support of their motion on February 21, 2025 [ECF No. 13]. The Motion is thus fully briefed and ripe for review.

### III. FACTUAL BACKGROUND

On September 3, 2024, Plaintiffs filed suit against Defendant USAA. Plaintiffs claim that Defendant failed to provide coverage for an insured loss under Plaintiffs' Renters Protection Policies. ECF No. 1-1. Plaintiffs are both residents of Anchorage, Alaska; Defendant is an insurance company with a principal place of business in San Antonio, Texas. Id.

According to the Complaint, on or about February 1, 2023, Matthew Rojeski purchased a Valuable Personal Property Packet to insure guns up to a value of $1,200 which terminated on February 1, 2024. Id. at ¶ 6. On or about May 1, 2023, Matthew Rojeski purchased a Renters Protection Policy from USAA for $493.91. Id. at ¶ 7. The policy expired on May 1, 2024, and it provided coverage for loss of technology ($10,000.00) and loss of personal property ($21,000.00). Id. Sometime between December 12, 2023, and December 28, 2023, the Plaintiffs obtained a "Binding Moving Estimate" from Master Moving, Inc. ("Master Moving") to transport the Plaintiffs' personal property from their residence in Wilsonville, Oregon to Morgantown, West Virginia for $1,888.12. Id. at ¶ 10.

On the morning of January 1, 2024, Master Moving arrived at Plaintiffs' residence and began loading the moving truck. Id. at ¶ 11. After loading Plaintiffs' property, Master Moving issued a bill of lading and a bill for $8,488.12. Id. Among the items loaded by Master Moving was a gun safe containing Plaintiffs' firearms — two Glock handguns valued at more than $1,200.00. Id. at ¶ 12.

On Friday, January 5, 2024, Master Moving arrived at the Plaintiffs' Morgantown, West Virginia residence and demanded an additional $3,000.00 and then $5,000.00 to deliver the Plaintiffs' personal property. Id. at ¶ 14. Plaintiffs refused to pay the additional costs, believing the fees where a form of extortion. Id. at ¶ 15. On January 5, 2024, USAA sold Plaintiffs a second Renters Protection Policy with effective dates of January 5, 2024 through January 5, 2025. Id. at ¶ 17. On or about January 5, 2024, Matthew Rojeski called USAA to make a claim under the Renters Protection Policy. Id. at 18. USAA told Plaintiffs that their personal property could still be returned and therefore there was not yet missing property for which coverage existed. Id. at 19. Plaintiffs searched for their personal property in January 2024 and could not locate it. Id. at 20. On February 15, 2024, Plaintiffs filed a separate federal lawsuit against Master Moving alleging violations of, among other things, the Carmack Amendment. Id. at 22.

On July 29, 2024, Plaintiffs wrote to USAA and requested payment of the claim amount pursuant to the terms of the policy contract. Id. at 23. USAA, via its agent Andres Garcia, received the certified letter on August 5, 2024, and did not acknowledge receipt of the notice of claim within 15 working days, in accordance with West Virginia Code of State Rules § 114-14-5. Id. at 24. The Complaint, here, alleges that Defendant did not promptly conduct and diligently pursue a thorough, fair and objective investigation of Plaintiffs' claim in accordance with West Virginia Code of State Rules § 114-14-6. Id. at ¶ 25. The absence of Plaintiffs' personal property in Morgantown, West Virginia rendered their apartment unfit to live and resulted in Plaintiffs incurring additional living expenses to maintain the household's normal standard of living. Id. at ¶ 27.

## IV.   LEGAL STANDARD

Federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008) (internal quotation marks, citations, and alterations omitted). See also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own

4

jurisdiction to the precise limits which the statute has defined."). Accordingly:

> We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter. If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter.

Strawn v. AT & T Mobility, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted).

As this Court has previously noted, "[a]ll doubts about the propriety of removal should be resolved in favor of retaining state court jurisdiction," and thus remanding a case to state court. Vitatoe v. Mylan Pharmaceuticals, Inc., 2008 WL 3540462, at *2 (N.D. W.Va. Aug. 13, 2008) (citing Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999)). If the case as stated in the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

5

the case is one which is or has become removable." 28 U.S.C. § 1446. As such:

> [O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "*stated* by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal.

Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).

## V. DISCUSSION

Here, Plaintiffs sought damages in their Complaint for breach of the two insurance contracts, compensatory damages, consequential damages, punitive damages, emotional distress damages, attorneys' fees and costs, and pre- and post-judgment interest. ECF No. 1-1, pp. 7-8.

Plaintiffs assert in their Motion to Remand that the amount in controversy requirement was satisfied upon the date of the filing of the Complaint on September 3, 2024, and Defendant's Notice of Removal is therefore untimely. ECF No. 5. As such, Plaintiffs request that this case be remanded to the Circuit Court of Monongalia County, West Virginia, that they be awarded their fees and costs for seeking remand, and that the Court sanction USAA for disclosing confidential information. Id. Defendant argues that the Notice of Removal was timely because it was not put on

notice that the amount in controversy exceeded $75,000 until it received a recent settlement letter (the "Post-Suit Demand") for $62,000. ECF No. 19. Defendant submitted its Notice of Removal within thirty days after receipt of Plaintiff's Post-Suit Demand and therefore argues that removal was timely. Id. Additionally, Defendant argues that Plaintiffs' claim for fees and costs, and for sanctions against it are improper, baseless, and frivolous. Id.

While courts have used the amounts stated in confidential settlement demands as an "other paper" within the meaning of 28 U.S.C. § 1446 to ascertain the amount in controversy, here, the settlement demand did not involve demand circumstances that were obscured, omitted, or misstated in the initial pleading.

As such, the settlement demand is not an "other paper" from which USAA first ascertained that the amount in controversy exceeded the diversity jurisdiction threshold of $75,000. Rather, the Complaint – which sought damages for breach of the two insurance contracts, compensatory damages, consequential damages, punitive damages, emotional distress damages, attorneys' fees and costs, and pre- and post-judgment interest – filed on September 3, 2024, placed the Defendant on notice that the amount in controversy for diversity jurisdiction was met, thereby triggering the 30-day period for removal. See ECF No. 1-1. Here, Defendant did not notice removal until 140 days after the Complaint was filed. Having failed

7

to seek removal in the 30 days following service of Plaintiffs' Complaint, Defendant's removal is untimely and remand to the Circuit Court of Monongalia County, West Virginia is proper.

Although 28 U.S.C. § 1447(c) authorizes a federal district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," courts "have limited authority . . . to award fees for improper removal." Bond v. Zale Delaware, Inc., No. 1:16CV43, 2016 WL 2889034, at *5 (N.D. W. Va. May 17, 2016). "Costs are awarded only where a party 'lacked an objectively reasonable basis' for removing the case." Id. (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). As such, the Court does not impose such fees or costs for removal in this case. To the extent that Plaintiffs request sanctions, the Court denies such relief because Plaintiffs failed to separately file a motion for sanctions in compliance with Local Rule of Civil Procedure 7.02.

## VI. CONCLUSION

For the reasons discussed above, the Motion to Remand [ECF No. 5] is **GRANTED**. This action is hereby **REMANDED** to the Circuit Court of Monongalia County, West Virginia. The Clerk shall **STRIKE** this action from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and the Circuit Clerk of Monongalia County, West Virginia.

DATED: May 5, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA